17-100-cv
*Pettengill v. Fireman's Fund Insurance Company*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21ˢᵗ day of December, two thousand seventeen.

PRESENT:  RALPH K. WINTER,
            DENNY CHIN,
                    *Circuit Judges*,
            EDWARD R. KORMAN,
                    *District Judge.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ANITA PETTENGILL,
            *Plaintiff-Counter-Defendant-*
            *Appellant*,

        v.                                                    17-100-cv

FIREMAN'S FUND INSURANCE COMPANY,
            *Defendant-Counter-Claimant-*
            *Appellee*,

---

\*    Judge Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

TOG INSURANCE BROKERAGE GROUP,
            *Defendant,*

DONATO TELESCO,
            *Counter-Defendant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-COUNTER-DEFENDANT
-APPELLANT:                                    Anita Pettengill, *pro se*, Sandy Hook,
                                               Connecticut.


FOR DEFENDANT-COUNTER-CLAIMANT
-APPELLEE:                                     Rhonda J. Tobin, J. Tyler Butts,
                                               Robinson & Cole LLP, Hartford,
                                               Connecticut.


            Appeal from the United States District Court for the District of

Connecticut (Eginton, *J.*).

            **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

            In this insurance case, following a jury trial, judgment was entered against

plaintiff-counter-defendant-appellant Anita Pettengill, dismissing her claims against

defendant-counter-claimant-appellee Fireman's Fund Insurance Company ("Fireman's

Fund") and awarding the latter damages on its counterclaims.   Pettengill moved for

modification of the judgment or for a new trial pursuant to Federal Rule of Civil

Procedure 59.   By memorandum of decision entered December 9, 2016, the district court denied the motion.   Proceeding *pro se*, Pettengill appeals.[1]

In 2011, pursuant to a homeowner's insurance policy, Fireman's Fund paid Pettengill's claim for water damage to her home, pool house, and television (the "Water Loss Claim").   Later that year, Pettengill filed another claim with Fireman's Fund for fire damage (the "Fire Loss Claim").   Fireman's Fund discovered discrepancies with respect to both claims and subsequently refused to pay the full amount of the Fire Loss Claim.   Pettengill sued, asserting breach of her insurance policy.

Defendants removed this action to the district court based on diversity jurisdiction.   Fireman's Fund counterclaimed against Pettengill for fraud and breach of the policy's fraud-or-concealment provision.   The jury found for Fireman's Fund on all counts against Pettengill except a fraud count with respect to the Fire Loss Claim, and awarded damages in favor of Fireman's Fund and against Pettengill in the sum of $330,277.28.   The district court denied Pettengill's motion to amend the judgment or for a new trial under Federal Rule of Civil Procedure 59 on December 9, 2016.   This timely

---

[1]     Although Pettengill appears in this appeal *pro se*, she was represented by counsel throughout the litigation in district court.

3

appeal followed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Where, as here, a Rule 59(e) motion essentially seeks judgment as a matter of law, we review the district court's decision *de novo*. *ING Global v. United Parcel Serv. Oasis Supply Corp.*, 757 F.3d 92, 97 (2d Cir. 2014). Such a motion may be granted only to "prevent manifest injustice," which "exists where a jury's verdict is wholly without legal support." *Id.* Courts "'must disregard all evidence favorable to the moving party that the jury is not required to believe.'" *Id.* (quoting *Tolbert v. Queens Coll.*, 242 F.3d 58, 70 (2d Cir. 2001)).

To the extent a Rule 59 motion seeks a new trial, our review is for abuse of discretion. *Id.* A new trial under Rule 59(a) is warranted "'only if the verdict is (1) seriously erroneous or (2) a miscarriage of justice.'" *Id.* at 99 (quoting *Raedle v. Credit Agricole Indosuez*, 670 F.3d 411, 417-18 (2d Cir. 2012)). When considering a Rule 59(a) motion based on the sufficiency of the evidence, "our cases 'teach that a high degree of deference is accorded to the jury's evaluation of witness credibility, and that jury verdicts should be disturbed with great infrequency.'" *Id.* at 97-98 (quoting *Raedle*, 670 F.3d at 418 (alterations omitted)).

4

Pettengill contends that the judgment should have been modified or a new trial granted because the jury's verdict as to the Water Loss Claim was not supported by the evidence and the jury rendered inconsistent verdicts with respect to the Fire Loss Claim.

As to the Water Loss Claim, we conclude that there was ample evidence at trial for a reasonable jury to find fraud and breach by Pettengill: a witness testified that the television was broken before the water damage; Pettengill told Fireman's Fund that the television was water-damaged; Pettengill submitted an invoice for that damage; and Fireman's Fund paid her. Pettengill has not demonstrated manifest injustice, nor has the jury's verdict resulted in a miscarriage of justice.

As to the Fire Loss Claim, Pettengill challenges the jury's finding of breach as inconsistent with its finding that she did not commit fraud. She interprets that verdict as finding that she breached the policy's cooperation requirement. But the jury was instructed on the breach claim based only on the policy's fraud-or-concealment provision. Additionally, these two issues have different standards of proof. Unlike breach, which only requires proof by a preponderance of the evidence, fraud requires clear and convincing proof and evidence. *See Master-Halco, Inc. v. Scillia Dowling & Natarelli, LLC*, 739 F. Supp. 2d 109, 114 (D. Conn. 2010). Accordingly, the verdict was

5

not inconsistent and Pettengill cannot demonstrate manifest injustice or a miscarriage of justice here either.

We have considered Pettengill's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the district court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court